## Reese *against* Waters.

An alien, by the law of Pennsylvania, acquires no title in his wife's estate of inheritance, as tenant by the curtesy initiate.

ERROR to the District Court of *Allegheny* county.

This was an action of ejectment by David Reese against Humphrey Waters and Achsa his wife, for a tract of land containing 51 acres.

It appeared that Achsa Snodgrass was seised in fee of the land in dispute, and was married to Humphrey Waters, who was an alien. David Reese, the plaintiff, obtained a judgment against Humphrey Waters, upon which an execution was issued and levied on the land, upon which an inquisition was held, by which it was extended and valued at $100 per annum. A *liberari facias* was issued, and returned " Possession delivered to the plaintiff." Whereupon this action of ejectment was brought, and the question raised on the trial was—whether, by the law of Pennsylvania, an alien acquires any title in his wife's estate of inheritance, as tenant by the curtesy initiate.

Upon the trial, the court directed a verdict for the plaintiff, reserving the point: it was again argued before their Honours, Judges Grier and Shaler, and the former delivered the opinion of the court upon the reserved point, and directed a judgment for the defendant *non obstante veredicto.*

*Darrah,* for plaintiff in error, referred to the *Act of the* 24*th of March* 1818; *Purd. Dig. Title Alien;* 1 *Cruise* 110; 2 *Thos. Coke* 215; 2 *Bl. Com.* 241; 2 *Cran.* 269; 12 *Mass.* 151; 1 *Johns. Cas.* 399; 1 *Ventr.* 417.

*Lowry, contra,* cited 2 *Chit. Blac.* 201; 4 *Kent* 24; 1 *Cruise* 186; 1 *Binn.* 1; 10 *Wend.* 380; 2 *Wend.* 349; 21 *Wend.* 59; 7 *Co.* 25; *Thos. Co. Lit.* 305; 2 *Binn.* 91.

PER CURIAM.—Our Act of 1833 has dispensed with the birth of issue as a constituent of tenancy by the curtesy; and had the husband, in this instance, been an American citizen, he would have been tenant by the curtesy initiate by force of the marriage alone, and seised of a freehold in his own right. The cause, then, is without difficulty so far as it depends on the common law, which forbids an alien to take by purchase for the benefit of any one but the crown or the commonwealth, or to take at all, where the

IV.—19     N

estate would devolve on him by operation of law. It has been expressly decided that an alien cannot be tenant by the curtesy; and the disability which prevents him from being seised in his own right, would equally prevent him from being seised, in right of his wife, of her freehold, whether of inheritance or not of inheritance. Is this disability removed by our Act of 1818, which allows aliens to purchase subject to a limitation as to quantity? It cannot be doubted that the legislature contemplated a purchase in the ordinary sense of the word, and it would stretch the meaning too far to extend it to a technical purchase, which is such only for purposes of classification under heads treated by commentators. The judge who tried the cause, has shown by authorities which go near to the very point before us, that the verb " to purchase" is not synonymous, even in its technical sense, if it has any, with the words " to take by purchase." We are therefore of opinion that the husband, in this case, had nothing in the land which could be taken in execution. Whether an alien might not be joined with his wife in an action for an injury to her freehold, we are not prepared to say. It would be almost too much to say she might sue as a feme sole; and yet she ought not to be without a remedy. A continuance of this peculiar disability is not recommended by any principle of policy; and the legislature would doubtless put an end to the difficulties of the subject, were it brought before them, by cutting up the root from which they spring.

Judgment affirmed.